(8 Misc. Rep. 84.)

### BEHR et al. v. MENENDEZ.

(City Court of New York, General Term. April 23, 1894.)

:SET-OFF AND COUNTERCLAIM—CLAIMS IN DIFFERENT RIGHTS.
    A claim against a corporation cannot be set off against the price of goods sold by the receiver of the corporation.

Appeal from trial term.

Argued before NEWBURGER, McCARTHY, and CONLAN, JJ.

Roger M. Sherman, for appellant.
Stickney, Spencer & Ordway, for respondents.

McCARTHY, J. This is an appeal from a judgment on a ver-·dict directed by the trial justice. It appears that on June 29, 1893, the plaintiffs in this action were, by an order made in the circuit court of the United States for the southern district of New York, duly appointed the receivers of Behr Bros. & Co., a corporation existing under the laws of the state of New Jersey, and, among other things, doing business in the city of New York. The receivers gave the necessary bonds, which were approved, and duly qualified. The receivers then took possession of the property of Behr Bros. & Co., and continued to conduct the business for the benefit of all the creditors. On August 22, 1893, the plaintiffs received from the defend-·ant an order for one boudoir upright piano at $600, less 60 per cent. and 5 per cent. discount, which would make the net price $228, the amount claimed in this action. This piano was delivered in accordance with instructions.

The defendant attempts to defeat this action on the grounds: (1) That he supposed he was dealing with a firm of Behr Bros. & Co.;

(2) that, in accordance with an agreement previously made with such firm, he should be permitted to counterclaim or offset the amount due him by said firm for certain advertising, amounting to $150. Behr Bros. & Co. appears to have been a corporation, and not a copartnership. The difficulty throughout this case is that the defendant has mistaken his forum. This court has no equity jurisdiction, and therefore cannot entertain nor grant such relief as asked for here. These plaintiffs are the principals, and this piano was, in the ordinary course of business, sold and delivered to the defendant, and shipped, as said before, in accordance with his instructions. There is no dispute as to the delivery or value, nor is there any claim to the ownership of such piano by either a copartnership or corporation known as Behr Bros. & Co. The defendant is clearly liable. The claim upon which the offset or counterclaim is based is one admitted to have been made with Behr Bros. & Co., either as a copartnership or corporation, during its existence and long before its insolvency. This cannot be used against these plaintiffs, and the trial justice was correct in ruling out all evidence of such transaction.

The question of the counterclaim was presented, and was one of the issues passed upon, for defendant attempted to introduce evidence in regard to the same; and, under objection, it was ruled out, to which defendant excepted. Whether these were correct, and whether this was a proper counterclaim in this action, can only be determined by appeal. We are satisfied that the trial justice was correct, and, finding no errors, judgment must be affirmed with costs. All concur.